IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02040-LTB

DAVID L. ADAMS,

    Plaintiff,

v.

[NO NAMED DEFENDANTS]

    Defendants.

---

ORDER DENYING CONSTRUED MOTION TO RECONSIDER

---

The matter before the Court is the Letter, ECF No. 7, that Plaintiff, David L. Adams, filed on September 16, 2014.  Plaintiff currently is detained at the Boulder County Jail in Boulder, Colorado.  After review of the Letter, the Court finds that Plaintiff seeks reconsideration of the Court's Order of Dismissal entered on September 9, 2014.  The Court must construe the document liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will deny Plaintiff's request for reconsideration based on the reasons stated below.

    A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court

will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on September 9, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Plaintiff contends that he did not comply with the July 25, 2014 Order because he was given the wrong forms. Plaintiff has another action pending in this Court. *See Adams v. Pelle*, No. 14-cv-02250-BNB (D. Colo. Aug. 12, 2014). Plaintiff was able to submit his claims on a proper Court-approved form in Case No. 14-cv-02250-BNB, and when he submitted his request to proceed pursuant to 28 U.S.C. § 1915 on an improper form was given time to correct the error, which he did on September 15, 2014. Plaintiff, however, did not attempt to file any forms that he asserts were given to him by jail staff in this action. Furthermore, he did not, even though he claims he knew he had the wrong forms, ask for additional time to cure the deficiencies so that he may obtain the correct forms.

Plaintiff is responsible for the management of his cases and proper processing of his filings. The Court, therefore, will deny Plaintiff's Motion because he fails to

demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Plaintiff is reminded that this action was dismissed without prejudice.  Accordingly, it is

ORDERED that Plaintiff's construed Motion to Reconsider, ECF No. 7, filed on September 16, 2014, is denied.

DATED at Denver, Colorado, this  23rd  day of    September    , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court